## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHRISTIAN WENDT,

      Petitioner,

-vs-                                        Case No.  8:03-CV-1121-T-27MSS

JAMES McDONOUGH,[1]

      Respondent.

_____/

## ORDER

Petitioner, a State of Florida inmate, initiated this proceeding *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 19, 2003,[2] challenging his 1996 convictions entered by the Twelfth Judicial Circuit Court, Sarasota County, Florida (Dkt. 1). After Respondent was ordered to show cause why the relief Petitioner seeks should not be granted, he filed a supplement to his petition adding two claims, one of which is related to his January 9, 2001 resentencing discussed *infra* (Dkt. 5).[3] The second claim presented in the supplement is not cognizable under § 2254.[4]

---

[1]James McDonough, Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2]Although the petition was not received by the Clerk's office for filing until May 28, 2003, this circuit considers § 2254 petitions for habeas relief and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Petitioner executed the petition on May 19, 2003.

[3]Rule 15(a), Fed. R. Civ. P., provides, in pertinent part, that parties to a civil action are entitled to amend their complaint at least once as a matter of course at any time before a responsive pleading is served.

[4]Petitioner asserts that he is entitled to be released from prison because he has successfully completed a post-incarceration substance abuse program (Dkt. 5 at 4). Because this claim goes to issues unrelated to the cause of Petitioner's detention, it does not state a basis for habeas relief. *See* 28 U.S.C. § 2254(a); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (involving claims of errors at a hearing on the petitioner's 3.850 motion).

Respondent has filed a response to the original petition asserting, *inter alia*,[5] that it is time-barred under 28 U.S.C. § 2244(d) (Dkt. 9), and Petitioner has filed a reply thereto (Dkt. 10).  For reasons set forth below, the Court agrees.

### Background

On April 26, 1996, an automobile driven by Petitioner struck two 13-year-old pedestrians, killing one and seriously injuring the other. Blood tests revealed that Petitioner had a blood alcohol level of .17 percent when the accident occurred. Petitioner was charged by Information on May 8, 1996, with driving under the influence ("DUI") manslaughter and DUI causing serious bodily injury (Dkt. 9, Ex. 1).  Represented by counsel, Petitioner pled no contest to both counts without benefit of a plea agreement on November 4, 1996 (Dkt. 9, Ex. 2). According to the sentencing guidelines scoresheet, Petitioner's sentencing range was between 175.5 and 292.5 months (Dkt. 9, Ex. 3). On December 18, 1996, Petitioner was sentenced to a term of 240 months (Dkt. 9, Ex. 4).

On direct appeal, Petitioner asserted that the trial court erred in assessing victim injury points for DUI manslaughter and DUI causing serious bodily injury when the offense level under the Florida sentencing guidelines already called for increased points based on victim injury (Dkt. 9, Ex. 5).  On April 3, 1998, the state district court affirmed Petitioner's convictions and sentences (Dkt. 9, Ex. 8). *See Wendt v. State*, 711 So. 2d 1166 (Fla. 2d DCA 1998). Petitioner's motion for rehearing was denied on May 26, 1998 (Dkt. 9, Ex. 10), and the mandate issued on June 19, 1998 (Dkt. 9, Ex. 11).

---

[5] For reasons set forth below, a response to the two claims presented in the supplement is not necessary because, on its face, the supplement fails to present a claim that meets the criteria for relief under § 2254. *See* Rule 4, Rules Governing Section 2254 Cases (2005).

On May 25, 1999, Petitioner filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 asserting that (1) trial counsel was ineffective in (a) failing to prepare for trial, (b) misadvising him with respect to the sentence he should expect to receive and the mitigating evidence that would be offered on his behalf at sentencing, and (c) failing to argue binding case law that would have resulted in a lesser sentence; and (2) his plea was involuntary. *See Wendt v. Moore*, Case No. 8:99-1219-CIV-T-25E (M.D. Fla. 1999). His § 2254 petition was dismissed without prejudice for failure to exhaust state court remedies. Petitioner was advised that the dismissal without prejudice did not excuse him from the one-year limitation period applicable to federal habeas petitions. *See* 28 U.S.C. § 2244(d).

When he filed the § 2254 petition, retained counsel contemporaneously filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 alleging that trial counsel was ineffective and Petitioner's plea was involuntary (Dkt. 9, Ex. 12). The trial court entered an order on September 3, 1999 denying all but one of the claims presented in Petitioner's Rule 3.850 motion (Dkt. 9, Ex. 15). Following an evidentiary hearing on the remaining claim, the trial court denied Petitioner's Rule 3.850 motion on October 27, 1999, (Dkt. 9, Ex. 16).

On April 3, 2000, while the appeal of his Rule 3.850 motion was pending, Petitioner filed *pro se* a motion to correct an illegal sentence pursuant to Fla. R. Crim. P. 3.800(a) alleging that he was entitled to resentencing under the 1994 sentencing guidelines pursuant to the Florida Supreme Court's decision in *Heggs v. State*, 759 So.2d 620 (Fla. 2000) (invalidating the act containing the 1995 sentencing guidelines and certain provisions related to gain time because it violated the single subject rule) (Dkt. 9, Ex. 17). On April 12, 2000, the trial court entered an order granting petitioner's motion (Dkt. 9, Ex. 18). A 1994

-3-

sentencing guidelines scoresheet was prepared, see Dkt. 9, Ex. 20, and on January 9, 2001, Petitioner was resentenced to a term of 190 months, see Dkt. 9, Ex. 21. Petitioner appealed the resentencing order.

On March 1, 2002, the state district court consolidated the Rule 3.850 appeal and the resentencing appeal. Counsel filed an initial brief on Petitioner's behalf, see Dkt. 9, Ex. 23, which was subsequently amended to assert that the trial court erred in: (1) failing to conduct an evidentiary hearing on several issues, (2) ruling that trial counsel's failure to raise case law that was binding precedent did not constitute ineffective assistance because that case law had since been overruled, and (3) assessing victim injury points based upon the law in effect under the 1995 sentencing guidelines as opposed to the law that was in effect under the 1994 sentencing guidelines, see Dkt. 9, Ex. 24. On April 19, 2002, the state district court affirmed the denial of Petitioner's Rule 3.850 motion and his resentencing per curiam without written opinion (Dkt. 9, Ex. 26). See Wendt v. State, 823 So. 2d 783 (Fla. 2002). Petitioner's motion for rehearing was denied on May 29, 2002 (Dkt. 9, Ex. 27), and the mandate issued on June 19, 2002 (Dkt. 9, Ex. 28).

Petitioner filed a second federal habeas petition on January 2, 2003. See Wendt v. Moore, Case No. 8:03-CV-0029-T-26TBM (M.D. Fla. 2003). The district court found that Petitioner's allegation of poverty was untrue and, in accordance with § 1915(e)(2)(A), dismissed the petition on January 10, 2003, without prejudice to Petitioner refiling it in a separate case with the statutorily required filing fee.

Petitioner filed the instant petition on May 19, 2003 (Dkt. 1). On June 30, 2003, he filed a supplement to the original petition adding two claims for relief. Having reviewed the record, the parties arguments, applicable statutes, and controlling case law, the Court finds

Petitioner's request for federal habeas relief is subject to dismissal pursuant to the limitation provisions of 28 U.S.C. § 2244(d).

## Discussion

As discussed, the petition, as supplemented, asserts two claims related to Petitioner's 1996 sentencing proceedings, one claim related to the sentence imposed during his 2001 resentencing, and one claim related to post-conviction rehabilitation. The Court will address the claims related to the 1996 sentencing and the claims related to the 2001 resentencing separately.

State prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

### 1996 Sentencing Claims

For challenges related to the 1996 conviction and sentence, Petitioner's limitation period commenced to run on August 24, 1998 when the 90-day window during which he

-5-

could have petitioned the United States Supreme Court for a writ of *certiorari* expired. *See* Sup. Ct. R. 13.3;[6] *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, absent tolling by a "properly filed" application for state post-conviction relief, Petitioner had until August 24, 1999 to file a petition for federal habeas relief.

By the time Petitioner filed his Rule 3.850 motion on May 25, 1999, 274 days of the limitation period had lapsed. The limitation period recommenced to run when the state district court issued its mandate affirming the denial of the motion on June 19, 2002 (Dkt. 9, Ex. 28). With 91 days of the limitation period remaining unexpired (365 days - 274 days = 91 days), Petitioner had until September 18, 2002 to file a timely § 2254 petition. On January 2, 2003, 106 days after the limitation period expired, Petitioner filed his second § 2254 petition, which was dismissed on January 10, 2003. Petitioner filed the instant petition on May 19, 2003, 243 days after the limitation period expired.

In his reply to Respondent's response, Petitioner contends that the claims raised in the May 19, 2003 petition are timely because they are challenging his resentencing on January 9, 2001 rather than the 1996 sentencing. The record refutes this argument.[7] Given

---

[6]"If a petition for rehearing is timely filed in the lower court by any party, or if the lower court entertains an untimely petition for rehearing, . . . the time to file the petition for a writ of certiorari . . . runs from the date of the denial of rehearing." Sup. Ct. R. 13.3. Petitioner's motion for rehearing on direct appeal was denied on May 26, 1998 (Dkt. 9, Ex. 11).

[7]In his petition, Petitioner states that Ground One of the May 19, 2003 petition was exhausted when the trial court denied his Rule 3.850 motion on October 26, 1999 (Dkt. 1 at 5), *see* Dkt. 9, Ex. 16, and Ground Two was exhausted when the trial court denied the claim on September 2, 1999 (Dkt. 1 at 6), *see* Dkt. 9, Ex. 15 – well before the January 9, 2001 resentencing.

In the memorandum filed in support of his petition, Petitioner further contends that due to the death of one of the two victims, the sentencing guidelines scoresheet used to calculate his sentencing range "included 120 [victim injury] points" (Dkt. 2 at 7). The record confirms that the scoresheet used for sentencing in 1996 included 120 victim injury points due to death (Dkt. 9, Ex. 3). The scoresheet used for Petitioner's resentencing in 2001, however, included only 60 victim injury points due to death (Dkt. 9, Ex. 21).

Petitioner also adopts the statement of case and the facts presented in the § 2254 petition he filed May 25, 1999, a copy of which he attached to the instant petition. *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). A review of that document and the December 19, 1996 sentencing guidelines scoresheet attached thereto further confirms

(continued...)

the inconsistencies in the argument presented by Petitioner in his reply and the May 19, 2003 petition, discussed *supra* n. 7, the Court finds Petitioner's contention that said petition is timely because the claims he raised in it are actually challenging the January 9, 2001 resentencing incredible. The only issues raised in the May 19, 2003 petition relate to trial counsel's performance at the original sentencing hearing in 1996.

Once AEDPA's limitations period expires, it cannot be reinitiated.  Thus, none of Petitioner's filings after September 18, 2002 had any tolling effect on the limitation period. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). The claims raised in the original petition are time-barred absent equitable tolling, which, as discussed below, is not warranted in this case.

**2001 Resentencing Claim**

In *Walker v. Crosby*, the Eleventh Circuit addressed the effect of a resentencing on AEDPA's limitation period, holding that where the "habeas application . . . contains claims challenging the resentencing judgment as well as claims challenging the original judgment of conviction," the one-year limitations period for federal habeas petitions begins to run on the date the resentencing judgment became final and not on the date that the original judgment became final. 341 F.3d 1240, 1246 (11th Cir. 2003). *Walker* does not, however, afford shelter for the claims challenging the 1996 sentencing because the claim related to

---

[7](...continued)

that the events about which Petitioner complains in the May 19, 2003 petition occurred during his 1996 sentencing.

　　Finally, based on the facts adopted by Petitioner, *see* Dkt. 2 at 3, the complaints set out in the original petition are about Attorney Chris M. Pratt's allegedly deficient performance during sentencing, *see* Dkt. 2, Attach. (unnumbered) at 3. According to Petitioner's sworn statement, Attorney Pratt represented him during the 1996 proceedings (Dkt. 1 at 11-12). The record confirms that Petitioner was represented at the 2001 resentencing by Attorney Russell K. Rosenthal (Dkt. 9, Ex. 22 at R. 49).

the 2001 resentencing is, itself, untimely because it was not presented in the May 19, 2003 petition.

The resentencing occurred on January 9, 2001. The state appellate court affirmed Petitioner's new sentence on April 19, 2002 *per curiam* without written opinion (Dkt. 9, Ex. 26). *See Wendt v. State*, 823 So. 2d 783 (Fla. 2002). Petitioner's motion for rehearing was denied on May 29, 2002 (Dkt. 9, Ex. 27). The federal limitation period for filing a request for habeas relief related to the resentencing commenced to run when the state appellate court issued its mandate on June 19, 2002 (Dkt. 9, Ex. 28). *See Walker v. Crosby*, 341 F.3d at 1241 (AEDPA's limitation period commences to run on claims related to a resentencing when the state appellate court issues its mandate affirming the new sentence). Absent tolling, claims related to the resentencing were due to be filed on or before June 19, 2003.

Petitioner filed a request for federal habeas relief on claims related to the sentence imposed in 1996 on May 19, 2003 (Dkt. 1). The filing of the petition did not, however, have any tolling effect on the one-year limitations period for claims not asserted therein. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (finding that "a properly filed federal habeas petition does not toll the limitation period."). Petitioner delayed filing the supplement to his petition presenting the 2001 resentencing claim until June 30, 2003, 11 days after the expiration of the limitations period applicable thereto.

Generally, claims presented in a supplement filed before a response to the petition has been filed that would otherwise be untimely may proceed only if they relate back to a

claim raised in a timely filed petition.[8]  In the instant case, Petitioner does not assert that the claims in the supplement relate back to the original petition – he asserts to the contrary, arguing that the untimely claims presented in the May 19, 2003 petition actually relate to the 2001 resentencing proceeding rather than the 1996 sentencing.  As discussed above, this argument is rebutted by the record.

Having reviewed the claims set forth in the petition and supplement thereto, the arguments made in support of the petition in the memorandum of law, and the documents adopted by Petitioner therein, the Court further concludes that the claim asserted in the supplement does not meet the criteria for relation back under Fed. R. Civ. P. 15(c). Petitioner was cautioned before he filed his petition that failure to present all of his grounds for relief therein may result in his being "barred from presenting them at a later date" (Dkt. 1 at 4).

Petitioner has not shown that a state created impediment prevented him from filing a timely § 2254 petition or that he could not have discovered the factual predicate of his federal claims prior to the expiration of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B) & (D). Thus, the petition for federal habeas relief, as supplemented, is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner demonstrates that he is entitled to equitable tolling.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with

---

[8]To hold otherwise would allow a prisoner to circumvent the statute of limitations by simply filing an empty petition and using Fed. R. Civ. P 15(c) as a method of extending AEDPA's limitations period. *See Davenport v. United States*, 217 F.3d 1341, 1342-46 (11th Cir. 2000), *cert. denied*, 532 U.S. 907 (2001) (finding that to relate back under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings).

diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corrs.,* 297 F.3d 1278, 1286 (11th Cir. 2002).

Having afforded Petitioner an opportunity to explain the reasons for his untimeliness,[9] the Court finds that he has failed to satisfy the criteria in this jurisdiction to proceed despite the procedural bar to his petition. *See Helton v. Sec. for the Dep't of Corrs.,* 259 F.3d 1310, 1314-15 (11th Cir. 2001). In his supplement, Petitioner states that the claim related to the 2001 resentencing was "inadvertently left out" of the original petition. This does not constitute an "extraordinary circumstance" *beyond Petitioner's control* because the ultimate failure to file the supplement within the statutory period was a direct result of decisions made and actions taken by Petitioner. Having created the situation that caused his petition to be time-barred, Petitioner cannot then avail himself of the equitable power of this Court. *See Thompson v. Smith*, 173 Fed.Appx. 729, 733 (11th Cir. 2006).

To the extent that Petitioner contends that the June 30, 1999 dismissal of his first § 2254 petition for failure to exhaust his state court remedies exempts him from AEDPA's limitation period, this argument is foreclosed by the United States Supreme Court's holding that AEDPA's limitation period for filing a federal habeas petition is not tolled during pendency of a previously filed federal habeas petition. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001). Moreover, Petitioner was cautioned in the order dismissing the petition

---

[9]*See Day v. McDonough,* __ U.S. __, 126 S.Ct. 1675, 1684 (April 25, 2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

without prejudice that the dismissal did not excuse him from the one-year limitation period applicable to federal habeas petitions, *see Wendt v. Moore*, Case No. 8:99-1219-CIV-T-25E (M.D. Fla. 1999), Dkt. 4 at 2-3. In sum, Petitioner has not met the burden of demonstrating that exceptional circumstances beyond his control warrant allowing this matter to proceed despite the procedural bar.

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner can show that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, __ U.S. __, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schulp v. Delo*, 513 U.S. at 327-28). In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).

*See also Schlup v. Delo*, 513 U.S. at 324.  Petitioner does not assert that he has "new" reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of these claims. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

### Conclusion

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus (Dkt. 1), as supplemented, *see* Dkt. 5, is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on _____ July 31st _____, 2006.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy to: All Parties of Record